In re T. Robert SHUGRUE, Debtor.

Bankruptcy No. 98–10125–FM.

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

May 26, 1998.

Ray Hendren, Austin, TX, Chapter 13 Trustee.

Bruce M. Wilpon, Special Asst. U.S. Atty., Austin, TX.

*MEMORANDUM OPINION ON DEBT-OR'S MOTION FOR RECUSAL OF JUDGE, ASSIGNMENT OF AN IM-PARTIAL JUDGE, AND THE RE-CONSIDERATION OF THE CASE*

FRANK R. MONROE, Bankruptcy Judge.

The Debtor, T. Robert Shugrue, who refers to himself as a "Citizen In Party" has filed a MOTION FOR THE RECUSAL OF THE JUDGE ASSIGNMENT OF AN IM-PARTIAL JUDGE FOR THE RECONSID-ERATION OF THE CASE BASED UPON THE FACTS AND EVIDENCE JUDICIAL NOTICE OF THE JUDICIAL MISCON-DUCT DENIAL OF THE DUE PROCESS OF THE LAW in response to this Court's Order dismissing this case with prejudice to refiling entered on May 5, 1998. No hearing is necessary on the Debtor's Motion. The Court has reviewed all matters in the file and is issuing this written Memorandum Opinion so the record is clear that this Debtor has received due consideration from this Court and has received an appropriate ruling on the positions he has maintained in this case in which he represents himself.

This is a core proceeding under 28 U.S.C. § 157(b)(2) and because it is a matter which arises both in a case under Title 11 and under Title 11. It is, therefore, a matter over which this Court has the jurisdiction to enter a final order under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 151, and the Standing Order of Reference in this District from the United States District Court.

*Statement of Facts*

This case was filed by the Debtor voluntarily on January 12, 1998 as a case under Chapter 13 of Title 11. The Statement of Affairs signed and sworn to under the penalties of perjury by the Debtor indicate that he is an employee of the United States Postal Service and in the calendar year 1997 had a gross income from that employment of $37,-456.00. According to Schedule I—Current Income of Individual Debtor, the Debtor stated that his present gross monthly income is $2,881.24.

This is not this Debtor's first entry into Chapter 13. He filed one previous Chapter 13 case on June 21, 1994 which was assigned case No. 94–11423–FM. That case was dismissed because the Debtor had not filed his Form 1040 Individual Internal Revenue Service Tax Return for the years 1987 forward. As such, it was impossible for the Debtor to have a plan confirmed because it was impossible to determine the amount of the claim of the Internal Revenue Service. The Debtor has still not filed any income tax returns for the years 1987 through the present.

The Chapter 13 Trustee filed his Motion to Dismiss this case with prejudice on March 3, 1998 because the Debtor testified under oath at his § 341 Meeting of Creditors that he had not filed any tax returns from 1987 forward and that he did not have to file tax returns under the law. In response to that Motion, the Debtor filed a pleading entitled "RE-SPONSE FOR TRUSTEE'S MOTION OF DISMISSAL. JUDICIAL: NOTICE. MO-TION FOR STRIKING: TRUSTEE'S 'MO-TION TO DISMISS' ". In such pleading, the Debtor, among other things, claimed:

1. That he "is injured under TITLE: 42 U.S.A. CODES: SECTION: 1986 *FOR KNOWLEDGE OF THE LAW AND FOR FAILURE OF NOT–STOPPING AND CORRECTING THE WRONGS* OF THE BREACHES OF THE DUE PROCESS OF THE LAW...";

2. That there had been "THE IMPROP-ER–USE OF DEBTOR: CITIZEN IN PARTY: T. Robert Shugrue AND UNDER TITLE: 42 U.S.A.: 1986 FOR THE *NE-GLECT* OF FAILING FOR NOT–COR-RECTING A WRONG OF THE PROPER–USE OF DEBTOR; CITIZEN IN PARTY T. Robert Shugrue's NAME IN ALL–UP-PER–CASE: LETTERING...";

3. That the IRS has no jurisdiction over him;

4. That the trustee talked over and interrupted him as a citizen in party at the § 341 meeting and is, therefore, guilty of obstruction of justice and civil conspiracy.

5. A fraud has been perpetrated on him for not stopping and correcting a wrong against a citizen in party before the court; and

6. Many other things.

To these totally irrelevant and nonsensical statements which are in the form of a pleading, the Debtor attaches his definition of various words, none of which have much if anything to do with this case. Reference is made to this list of definitions so that all parties can be properly apprised of the Debtor's definition of such words as "constructive:treason", "extortion", "ransom", "equal rights", "municipal court rules", "prosecutions by city attorney", "general exceptions of the jurisdiction of immunity of a foreign state", "tort", "argument", "policy in custom", "proper adjective", "know", and the ever confusing "hyphen".

To this pleading the Debtor also attached exhibits entitled "FINDINGS OF FACT AND CONCLUSIONS OF LAW—HOOVEN DECISION", "AFFIDAVIT OF REVOCATION AND RECISION", and "AFFIDAVIT OF POINTS AND AUTHORITIES SUPPORTING CLAIM THAT ABSOLUTE SOVEREIGNTY IN THESE UNITED STATES OF AMERICAN RESIDES IN THE PEOPLE/CITIZENS".

Such exhibits contain allegations:

1. That the jurisdictional area of the United States is limited to the District of Columbia and its possessions and territories and that the United States apparently does not include the 50 states;

2. That the Debtor is a natural born free sovereign United States citizen and a citizen of the State of Texas;

3. That the Debtor has never been notified by the IRS that the 16th Amendment to the United States Constitution does not authorize a tax on individual citizens living and working within the "States united"; and

4. More.

Other pleadings filed by the Debtor include a general notice that the Clerk of this Court is guilty of fraud of the mails for reasons that can only be best described as fantasy. All of the Debtor's pleadings, taken both individually and together make no sense. They are gibberish.

Similar pleadings were also filed with regard to the proof of claim filed by the IRS. They make no sense either.

At the hearing on the Trustee's Motion to Dismiss on May 5, 1998, after giving the Debtor an opportunity to speak, the Court came to the rather quick and obvious conclusion that the words coming from the Debtor's mouth made no more sense than the words written on the Debtor's pleadings.

Apparently this Debtor feels that it is every other citizen's obligation to pay his share of the costs attendant to the running of the government of the United States. He alleges he does not have to pay taxes because it is a voluntary system and he chooses not to participate. The Court suspects that the Debtor has been overly active in searching the Internet for the latest batch of crazy and absurd pleadings created by the latest inventive tax protester group.

It is clear from the hearing and the file that Mr. Shugrue has absolutely no intention of ever filing a tax return with the IRS. As such, it is impossible for him to ever have a Chapter 13 plan confirmed. On that basis, the Court entered its Order dismissing this case with prejudice to the Debtor's right to refile a case under Title 11 for a period of 180 days from May 5, 1998 or until the Debtor is current in his filing of all required IRS 1040 Individual Income Tax Returns, which occurs later. Accordingly, should the Debtor have an honest and good faith intention to enter into Chapter 13 to pay his creditors what he owes them out of his disposable income, all he has to do is file his delinquent tax returns. It is solely within his control as to whether or not he can avail himself in the future of the provisions and benefits of Chapter 13.

*Conclusions of Law*

Unfortunately the current Motion makes no more sense than the prior pleadings filed by this Debtor. The recusal portion of the

Motion claims that this Court has shown its partiality against the Debtor in the following respects:

1. "Failure of the making of a ruling on the motions or pleadings by the Judge" "IS A BREACH OF THE CONTRACT IN THE COMMERCE IN THE BANKRUPTCY-CASE: 9810125";

2. Making "contradictory statements" about the Debtor. (Apparently this is making statements which are contradictory to the statements made by the Debtor which in the Debtor's mind is somehow verboten.); and

3. That dismissal has the effect of denying the Debtor due process of time and evidence, of confronting of accusers, his rights under F.R.Civ.P. 26(e) and denial of the right of witnesses all of which gives an appearance of the will of the intent of a partiality and of a prejudice and of a decision by the Judge before the hearing in favor of the IRS.

In order recuse a bankruptcy judge, a motion must be brought pursuant to 28 U.S.C. § 455(a). It is required that the allegations of prejudice concern extra-judicial conduct, i.e., that is, that they must relate to something other than the judge's conduct in the case at hand. If not, they do not form a basis for recusal. The allegations of this Debtor concern only the conduct of this Court in adjudicating the Trustee's Motion to Dismiss. As such, they do not form a basis for recusal and that part of the Motion must be denied on that basis.

To the extent the instant Motion requests a reconsideration of this Court's Order of May 5, 1998 which dismissed this case with prejudice, it should be noted that the Internal Revenue Service filed a claim for $173,176.40. Of that amount $53,142.87 was filed as secured, $100,000.00 filed as unsecured priority, and $20,033.53 filed as an unsecured general claim. The Debtor's only quarrel with these numbers is that he claims he is not required to file tax returns or to pay taxes. His arguments are specious. They make no sense. There is no basis in law to sustain any of his arguments. The ruling was correct.

Further, Debtor filed a plan which only proposed $150.00 monthly payments over a five year period of time for a grand total of $9,000.00 which is far from sufficient to fund a plan in this Debtor's case. This is simply another indication of the Debtor's state of mind. Debtor apparently believes that he is not required to pay taxes even though he is a confessed citizen of the United States and he earns an amount of income working for the United States Postal Service which is sufficient to subject him to the obligation to file tax returns and pay taxes. Apparently the Debtor simply does not want to do it, and, instead, wants all the rest of us to pay his share. His pleadings look like they came off of the latest web page for tax protesters and, as the Court has stated more than once, *they make NO SENSE.* Accordingly, the decision in this case is the right one, and having reconsidered that decision, the Court determines that it shall stand.

Accordingly, the Debtor's MOTION FOR THE RECUSAL OF THE JUDGE ASSIGNMENT OF AN IMPARTIAL JUDGE FOR THE RECONSIDERATION OF THE CASE BASED UPON THE FACTS AND EVIDENCE JUDICIAL NOTICE OF THE JUDICIAL MISCONDUCT DENIAL OF THE DUE PROCESS OF THE LAW will be denied by Order of even date herewith.